UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Debra Stenner, individually and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br><br>  -v.-<br>Rausch Sturm LLP,<br><br>                            Defendant(s). | C.A. No: 2:22-cv-828<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Debra Stenner (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through her attorneys, against the Defendant Rausch Sturm LLP (hereinafter, "Defendant" or "Rausch Sturm"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1.     Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Defendant resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Wyoming, County of Laramie.

8. Defendant Rausch Sturm is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal place of business and address for service of process at 250 North Sunny Slope Road, Suite 300, Brookfield, Waukesha County, Wisconsin 53005.

9. Upon information and belief, Defendant Rausch Sturm is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals to whom the Defendant Rausch Sturm sent a collection letter attempting to collect a consumer debt;

    b. despite the debt and/or related underlying judgment being settled and or paid in full;

    c. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits,

complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the allegations above as if set forth here.

20. Some time prior to January 17, 2022, an obligation was allegedly incurred to the creditor, Capital One Bank (USA), N.A. ("Capital One"), a non-party to the instant lawsuit.

21. Upon information and belief, the subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes. Specifically, for personal credit.

22. Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

23. The subject obligation is consumer-related, and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Upon information and belief, Capital One contracted with the Defendant Rausch Sturm for the purpose of debt collection. Therefore, Defendant Rausch Sturm is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

25. Defendant uses the instrumentalities of interstate commerce or the mail in its business, the principal purpose of which is the collection of consumer debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violations – January 17, 2022 Collection Letter*

26. On or about January 17, 2022, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the debt owed to Capital One. (*See* "Letter" at Exhibit A).

27. The Letter lists the total amount of the debt now as $479.53.

28. The Letter lists the amount paid by, or credited to, the Plaintiff's debt since September 17, 2021 as $2,765.00.

29. However, despite setting forth the Plaintiff's payment/credit of $2,765.00 since September 17, 2021, the Letter inexplicably fails to acknowledge the agreement reached to settle the debt in full for the amount of $2,715.00 on or about October 12, 2021. (*See* "Agreement" at Exhibit B).

30. Specifically, on or about October 12, 2021, non-party creditor Capital One, by and through its debt collector counsel at the time, Machol & Johannes, LLC, agreed to accept $2,715.00 to settle the debt/judgment in full, so long as Plaintiff made the settlement payment on or before October 29, 2021.

31. Thereafter, in accordance with the Agreement, Plaintiff made a payment of $2,715.00 to Machol & Johannes, LLC on October 21, 2021. (*See* "Payment Confirmation" at Exhibit C).

32. Based on this settlement agreement and payment, any subsequent collection by any collection agency including Defendant would be fraudulent.

33. The Plaintiff did not owe any money as the Agreement represents; therefore, these collection efforts are pure harassment and an invasion of the Plaintiff's seclusion.

34. Defendant attempt to hide the settlement as merely just a payment on the total debt is further improper behavior designed to defraud the consumer.

35. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

36. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

37. As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, and fraud.

38. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

39. Plaintiff is entitled to not suffer harassment in the form as described above and be rewarded for settling the debt.

40. These violations by the Defendant were unconscionable, knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

41. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

42. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, the Defendant's debt collection.

43. As described above, the Plaintiff was misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

44. Plaintiff has suffered emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep, because of the Defendant's misrepresentations and omissions concerning the characterization and amount of the debt.

45. Plaintiff has suffered wasted time and annoyance because of the Defendant's misrepresentations and omissions concerning the characterization and amount of the debt.

46. Plaintiff has expended, and continues to expend, time and money because of the Defendant's misrepresentations and omissions concerning the characterization and amount of the debt.

47. As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, the Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

48. Plaintiff repeats the allegations above as if set forth here.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

50. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

51. Defendant violated §1692d by issuing the Letter in an attempt to collect a debt that was settled in full, the natural (and actual) consequence of which harassed and abused the Plaintiff.

52. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692d et seq. of the FDCPA, and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

53. Plaintiff repeats the allegations above as if set forth here.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

55. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56. Defendant violated §1692e:

a. As the Letter falsely represents the true character and/or amount of the debt in violation of §1692e(2)(A); and

b. By making false and misleading representations/omissions in violation of §1692e(10).

57. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Debra Stenner, individually and on behalf of all others similarly situated demands judgment from the Defendant Rausch Sturm as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 20, 2022                                                  Respectfully Submitted,

**STEIN SAKS, PLLC**

/s/ Yaakov Saks
Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Ph: (201) 282-6500
ysaks@steinsakslegal.com
*Attorneys for Plaintiff*